UNITED STATES of America,

v.

**Terrance IRVIN a/k/a Terrence Irvin Terrance Irvin, Appellant.**

No. 02–2477.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 21, 2003.

Decided Feb. 26, 2003.

Before BECKER, Chief Judge, NYGAARD, and AMBRO, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Terrance Irvin, was convicted following a jury trial of (1) distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1); and (2) knowingly receiving in interstate commerce a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). He was sentenced to a term of imprisonment of 51 months with credit for 12 months already served. In

* The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

this appeal he contends that the District Court erred by attributing 77 bags of crack cocaine to him in computing his sentencing. We will affirm.

The facts and legal procedure of this case are well known to counsel, the parties, and the District Court, so we will not restate them here. We review the District Court's determination of drug quantity for clear error. The determination must be supported by a preponderance of the evidence. *See e.g., United States v. Gibbs,* 190 F.3d 188, 203 (3d Cir.1999). It is enough to say that there was sufficient evidence at trial, which if accepted as credible by the jury, would establish that 77 bags should indeed be attributable to appellant. Moreover, the total weight of drugs attributable to Irvin exceeds the quantity necessary to support the Guideline range, if the Court merely takes the 39 bags conceded by Irvin, multiplied by the drug weight of .25 grams per bag established by expert testimony. The District Court made specific factual findings on the record at the sentencing hearing, which the evidence supports. Thus, whether one accepts the findings of the District Court at sentencing based upon the sworn testimony at trial, or the alternative method noted above, there is sufficient evidence to support the sentence imposed on appellant. We will affirm.